UNITED STATES v. ONE CASE CHEMICAL COMPOUND (two cases).

In re SOCIETE FABRIQUES DE PRODUITS CHIMIQUES DE THANN ET DE MULHOUSE (two cases).

(District Court, S. D. New York. May 12, 1897.)

CUSTOMS DUTIES—FORFEITURE PROCEEDINGS—INTERVENTION BY PATENT OWNER.
    A patent owner, who is suing an importer for infringement by the importation of infringing goods, which have been detained by the customs officials, and libeled for forfeiture, because of fraudulent undervaluation, may, for the protection of his interests, be permitted to intervene in the forfeiture proceedings, on giving proper security.

Libel for Forfeiture. Intervention.

On petitions by Société Fabriques de Produits Chimiques de Thann et de Mulhouse, owner of United States letters patent, for leave to intervene in forfeiture proceedings for its interest in the res, the following facts appeared:

These proceedings were begun by the government for the forfeiture of two cases of chemical compounds for fraudulent undervaluation. The petitioner herein claimed that the said compound was trinitrobutylxylene, or artificial musk, an article covered by United States letters patent to Albert Baur, No. 451,847, dated May 5, 1891. The owner of the patent (the petitioner herein) had brought suit in the United States circuit court against one Sander, the consignee of the goods, for infringement of the patent, and being unable to learn the whereabouts of said Sander and ascertaining that he was acting through the firm of Messrs. Hatch & Wickes, who represented him as proctors in the forfeiture proceedings, made Messrs. Hatch & Wickes parties to the infringement suit. Service could not be effected on Sander. The other parties appeared.

The bill of complaint prayed for the usual injunction, and that the defendants be enjoined from obtaining possession of the shipments of artificial musk before mentioned. There was also a prayer that the goods be delivered up to be destroyed.

A preliminary injunction was granted by his honor, Judge Lacombe, against Messrs. Hatch, Wickes and Clute, composing the firm of Hatch & Wickes, from acting as attorneys in fact of the defendant Sander to obtain the possession or control of said merchandise. It was expressly provided that the writ was not to operate in restraint of their "appearing and acting for said Sander as attorneys at law, counsellors or proctors in the forfeiture proceedings now pending" in this court.

B. F. Lee, for petitioner.

That it is not necessary to show a claim enforceable in admiralty to entitle a petitioner to intervene in a proceeding in rem for his interest in the res. The Two Marys, 10 Fed. 919, at page 925, 12 Fed. 152, and 16 Fed. 697.

That the court may order an article made in infringement of a patent right to be delivered up to be destroyed. Frearson v. Loe, 9 Ch. Div. 48, 67; Birdsell v. Shaliol, 112 U. S., at page 487, 5 Sup. Ct. 244.

James R. Ely, Asst. U. S. Atty.

Hatch & Wickes (Walter C. Low, of counsel), for claimant.

BROWN, District Judge. The petitioner has a sufficient interest to justify his intervention on giving security; the other parties should then answer the petition unless they admit the facts stated in it. If its statements are denied and any issues are presented not appropriate for trial in this court, they can be sent to the appropriate court and the proceedings here stayed in the meantime.